| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| RONALD C. FERRELL, JR., and § <br> SHARON L. FERRELL, § <br> § <br> Appellants, § <br> § <br> versus § <br> § <br> JANNA L. COUNTRYMAN, Chapter 13 § <br> Trustee, § <br> § <br> Appellee. § | CIVIL ACTION NO. 4:08-CV-330 |

**MEMORANDUM AND ORDER**

Pending before the court is an appeal of a decision rendered by United States Bankruptcy Judge Brenda T. Rhoades ("Judge Rhoades") denying Appellants Ronald C. Ferrell, Jr., and Sharon L. Ferrells' (collectively, "the Ferrells") Motion to Alter or Amend Dismissal Order Entered on May 21, 2008, Motion for Relief from the Egregious Effect of the Agreed Order Entered in this Case on February 9, 2006, Request for Attorney Fees and Sanctions Against the Chapter 13 Trustee, Motion to Reinstate Debtor's Chapter 13 Case with Notice of Hearing. *See In re Ferrell*, No. 04-40048, 2008 WL 2857141 (Bankr. E.D. Tex. July 21, 2008). Having reviewed the opinion, the record, the submissions of the parties, and the applicable law, the court is of the opinion that the decision of the bankruptcy court should be affirmed.

I.  Background

The Ferrells initiated this bankruptcy proceeding by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 5, 2004. Subsequently, Janna L. Countryman ("the Trustee") was appointed Trustee. On August 4, 2004, the bankruptcy court entered an order confirming the Ferrells' Chapter 13 Plan ("the Plan"), which required that the

Ferrells make six monthly payments of $421.00 and 54 monthly payments in the amount of $502.00, for a total payment of $29,634.00 over 60 months.

On March 31, 2005, following the Ferrells' failure to make the required payments, the Trustee filed a motion to dismiss the case. A hearing was held on October 19, 2005, at which time the motion was withdrawn. On October 20, 2005, the bankruptcy court entered an Agreed Order Approving Modified Plan and Limiting Notice, in which the Plan was modified to require the Ferrells to pay the sum of $316.38 per month for 19 months beginning February 19, 2004, and then $515.90 per month for 41 months beginning September 19, 2005, for a total payment of $27,163.12 over 60 months.

On January 20, 2006, the Trustee filed another motion to dismiss the case based on the Ferrells' failure to make the required payments under the modified Plan, which, as of January 19, 2006, left them in default in the amount of $1,546.42. On February 9, 2006, prior to a hearing on the motion, the parties submitted an Agreed Order on Trustee's Motion to Dismiss ("Agreed Order"), in which the parties agreed and the bankruptcy court ordered that:

1. In addition to the regular monthly plan payments, the Chapter 13 Trustee's office must receive all past due Chapter 13 plan payments that are owed through January 19, 2006, in the total amount of $1,546.42 to be paid as follows:

   a. $515.47 delinquency payment due by February 3, 2006, and monthly plan payment of $515.90 due February 19, 2006;

   b. $515.47 delinquency payment due by March 3, 2006, and monthly plan payment of $515.90 due March 19, 2006;

   c. $515.48 delinquency payment due by April 3, 2006, and monthly plan payment of $515.90 due April 19, 2006; and

2. The Debtors shall remain current on the monthly plan payments until this case is completed.

3. In the event the Debtors fail to make any of the payments referenced in Paragraphs 1 and 2 hereinabove, the Trustee will submit a Certificate of Non-Compliance and the Court will enter the Dismissal Order submitted therewith without further motion.

On May 8, 2008, the Trustee filed a Certificate of Non-Compliance with the bankruptcy court, stating that the Ferrells "failed to make the required monthly payment amount, and thus failed to bring the Chapter 13 Plan payments current in accordance with the Conditional Dismissal Order." The Ferrells filed a Motion to Modify Chapter 13 Plan on May 15, 2008.

On May 21, 2008, pursuant to the Agreed Order and the Certificate of Non-Compliance, the bankruptcy court entered an Order Dismissing Chapter 13 Case with Retention of Jurisdiction ("Dismissal Order"), dismissing the Ferrells' case. Subsequently, on May 27, 2008, the Ferrells filed a Motion to Alter or Amend Dismissal Order Entered on May 21, 2008, a Motion for Relief from the Egregious Effect of the Agreed Order Entered in this Case on February 9, 2006, a Request for Attorney Fees and Sanctions against the Chapter 13 Trustee, and a Motion to Reinstate Debtor's Chapter 13 Case with Notice of Hearing pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). In their motions, the Ferrells argue that they entered into the Agreed Order without the benefit of attorney representation. They further assert that the Trustee failed to perform her statutory duties because she did not disclose that the Agreed Order waived all future opportunities to file a modified plan under 11 U.S.C. § 1329 and that they were misled by the Trustee's representative, who allegedly stated that the Trustee would file a motion to dismiss as opposed to a Certificate of Non-Compliance.

A hearing was held, and on July 21, 2008, the bankruptcy court entered an order denying the Ferrells' motions. Based on the Ferrells' failure to make their Plan payment obligations, Judge Rhoades found that cause existed to dismiss their bankruptcy case at the time the dismissal

order was entered pursuant to United States Bankruptcy Code § 1308(c)(6). On July 30, 2008, the Ferrells filed their Notice of Appeal regarding the bankruptcy court's memorandum and order. On September 2, 2008, they submitted Appellants' Designation of Record and Statement of Issues on Appeal, setting forth the following issues for review by this court:

> A. Entry of the Dismissal Order on May 21, 2008, constituted clear error of law in that the Modification filed by Debtors on May 15, 2008, and before completion of their plan payments changed the plan terms whereby Debtors were in fact current on their plan payments under the modification when the Court entered the Dismissal Order.
>
> B. Striking of the Debtors' Motion to Modify filed on May 15, 2008, constituted clear error of law in that 11 U.S.C. § 1329 provides an absolute right for Debtors to file an amendment of their plan after confirmation and before the end of payments under the plan.
>
> C. Entry of the conditional Agreed Order constituted clear error of law and an abuse of discretion in that the Agreed Order modified the terms of Debtors' plan without determining under 11 U.S.C. § 1329(b)(1) and 11 U.S.C. § 1325(a)(6) whether it was feasible for the Debtors to make the payments required under the Agreed Order.
>
> D. Entry of the conditional Agreed Order constituted clear error of law and an abuse of discretion in that the Agreed Order modified the terms of Debtors' plan without giving the twenty-day negative notice to the parties as required by FRBP 3015(g).
>
> E. Entry of the conditional Agreed Order constituted clear error of law and an abuse of discretion in that the application of the "drop dead" clause to all future payments under the plan conflicts with 11 U.S.C. § 1329, which gives the Debtors an absolute right to file a plan modification at any time after confirmation of the plan but before the completion of payments under such plan.
>
> F. When the Chapter 13 Trustee advised Debtors that they could either sign the Agreed Order or pay their entire deficiency in one lump sum prior to the dismissal hearing, the Trustee failed to perform her statutory duties under 11 U.S.C. § 1302(b)(4) in that she failed to advise Debtors that they also had the option of filing a modification of their plan under 11 U.S.C. § 1329 and she thereby failed properly to advise, other than on legal matters, and assist the Debtors in performance under the plan.

G. Presenting the proposed Agreed Order to Debtors and to the Court constituted clear error of law in that the Chapter 13 Trustee through the Agreed Order contractually abrogated her 11 U.S.C. § 1302(b)(4) duties to advise, other than on legal matters, and assist the Debtors in performance under the plan.

II. Analysis

A. Bankruptcy Appeal—Jurisdiction and General Standard of Review

This court has jurisdiction of this appeal pursuant to 28 U.S.C. § 158(c)(2), which provides that an appeal from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . ." Therefore, "when reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as a[n] appellate court."[1] *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). In reviewing a decision of the bankruptcy court, Rule 8013 of the Federal Rules of Bankruptcy Procedure requires the court to accept the bankruptcy court's findings of fact unless clearly erroneous and to examine *de novo* the conclusions of law. *See Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008); *In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007); *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir. 2004); *In re Homeowners Mortgage & Equity, Inc.*, 354 F.3d 372, 375 (5th Cir. 2003). A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court is left with a firm and definite conviction that a mistake has been committed. *See Wilson v. Huffman (In re Missionary Baptist Found. of Am.)*, 712 F.2d 206, 209 (5th Cir. 1983); *see also In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003) (quoting *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003)).

---

[1] Core proceedings include "determinations of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K).

B.  Effect of Motion to Modify Payment Plan

In December 2007, the Ferrells' payment patterns became erratic.[2] As a consequence, on May 8, 2008, the Trustee filed a Certification of Non-Compliance, stating:

> Upon the Debtors' failure to make Chapter 13 Plan payments, the Trustee filed a Motion to Dismiss. At the hearing on same, the Court entered a Conditional Dismissal Order, thereby giving the Debtors an opportunity to bring the Chapter 13 Plan payments current by making additional payments per month for three (3) months, or the case would be dismissed pursuant to the Trustee's Motion to Dismiss.
>
> The Trustee hereby certifies to the Court that the Debtors failed to make the required monthly payment amount, and thus failed to bring the Chapter 13 Plan payments current in accordance with the Conditional Dismissal Order.

On May 15, 2008, the Ferrells filed a Motion to Modify Chapter 13 Plan Post-Confirmation and Notice Thereon ("Motion to Modify"). The Motion to Modify requested that their Plan payments be modified to reflect a new base amount of $27,513.12, to be paid to the Trustee in monthly payments of $420.50 for 52 months, then beginning on June 19, 2008, in payments of $705.89 for eight months. On May 21, 2008, when the bankruptcy court entered the Dismissal Order, the Ferrells' Motion to Modify was rendered moot.

In Point of Error A of their appeal, the Ferrells assert that their proposed modified payment plan became effective upon the filing and notice of the modification and, therefore, at the time the Dismissal Order was entered, they were current on their Plan payments. Additionally, in Point of Error B, the Ferrells argue that in striking their Motion to Modify, the bankruptcy court

---

[2] According to the record, the Ferrells failed to make their monthly payment of $515.90 to the Trustee in December 2007 and January 2008. On February 19, 2008, however, they made a payment of $1,040.00. Again, the Ferrells failed to make a payment in March 2008, but on April 17, 2008, they made a payment of $1,040.00. As of July 21, 2008, the date of the bankruptcy court's opinion, the Ferrells had not made any further payments.

committed a clear error of law because 11 U.S.C. § 1329 provides debtors with an absolute right to file an amendment to their Plan between its confirmation and the completion of Plan payments.

While the Ferrells now attempt to raise these issues on appeal, a review of the record reveals that these arguments were never presented to the bankruptcy court. It is well established in the Fifth Circuit that, in a bankruptcy appeal, a district court cannot consider issues that were not initially presented to the bankruptcy court. *See Barron v. Countryman*, 432 F.3d 590, 594 n.2 (5th Cir. 2005); *Ginther v. Ginther Trusts (In re Ginther)*, 238 F.3d 686, 689 (5th Cir. 2001); *In re Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993); *Gilchrist v. Westcott (In re Gilchrist)*, 891 F.2d 559, 561 (5th Cir. 1990); *Moody v. Empire Life Ins. Co. (In re Moody)*, 849 F.2d 902, 905 (5th Cir.), *cert. denied*, 488 U.S. 967 (1988). "Furthermore, the Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996) (citing *Citizens Nat'l Bank v. Taylor (In re Goff)*, 812 F.2d 931, 933 (5th Cir. 1987)).

Here, the Ferrells' discussion of their Motion to Modify is limited to factual allegations such as, "on May 15, 2008, Debtors filed their Motion to Modify Plan after Confirmation proposing to pay the remaining base over the next eight months beginning June 19, 2008." The court will not consider the merits of any arguments or claims regarding the effective date of the Ferrells' proposed modified payment plan, as this issue was not raised before the bankruptcy court. Thus, the court finds that Judge Rhoades correctly entered the Dismissal Order on May 21, 2008, rendering the Ferrells' Motion to Modify moot. Accordingly, Points of Error A and B are overruled.

C.  Entry of the Agreed Order

In Points of Error C, D, and E of their brief, the Ferrells maintain that the bankruptcy court's entry of the Agreed Order on February 9, 2006, constituted an abuse of discretion in a number of respects. First, the Ferrells argue that the bankruptcy court should have determined whether it was feasible for them to make the modified plan payments set forth in the Agreed Order. Additionally, they assert that the Agreed Order modified the terms of their Plan without providing the twenty-day negative notice required by Rule 3015(g) of the Federal Rules of Bankruptcy Procedure. Lastly, the Ferrells contend that the application of the "'drop dead' clause to all future payments under the Plan conflicts with 11 U.S.C. § 1329, which gives the Debtors an absolute right to file a Plan modification at any time after confirmation of the plan but before the completion of payments under such plan."

If the Ferrells believed that the Agreed Order was entered in error, the proper procedure would have been to file an appeal and seek review of the order. *See In re Allison*, No. 06-30040, 2006 WL 2620480, at *5 (Bankr. S.D. Tex. Sept. 12, 2006). No such appeal was taken. It was not until two years later that the Ferrells sought relief from the bankruptcy court and, even at that time, the Ferrells did not raise the arguments they now assert.

As stated above, it is well established that issues and arguments that are not made to the bankruptcy court cannot be pursued in an appeal of the bankruptcy court's order. *See Barron*, 432 F.3d at 594 n.2; *In re Ginther*, 238 F.3d at 689; *In re Fairchild Aircraft Corp.*, 6 F.3d at 1128; *In re Gilchrist*, 891 F.2d at 561; *In re Moody*, 849 F.2d at 905. "To preserve an argument, it 'must be raised to such a degree that the trial court may rule on it.'" *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008) (quoting *In re Fairchild Aircraft*

8

*Corp.*, 6 F.3d at 1128); *see also Vogel v. Veneman*, 276 F.3d 729, 733 (5th Cir. 2002). Moreover, "citing cases that may contain a useful argument is simply inadequate to preserve that argument for appeal; 'to be preserved, an argument must be pressed, and not merely intimated.'" *In re Fairchild Aircraft Corp.*, 6 F.3d at 1128 (quoting *Hays v. Sony Corp.*, 847 F.2d 412, 420 (7th Cir. 1988)). The court finds that the Ferrells waived any appeal regarding the bankruptcy court's entry of the Agreed Order by failing to present these issues to the bankruptcy court.

Even assuming the arguments were sufficiently raised, the court finds them to be without merit. As previously indicated, the Ferrells argue that the entry of the Agreed Order constituted an abuse of discretion because it modified the terms of the Plan without determining whether the modified plan was feasible under 11 U.S.C. § 1329(b)(1) and 11 U.S.C. § 1325(a)(6). The court agrees that "Section 1329(b), by its incorporation of § 1325(a)(6), requires that any modified plan be feasible." *In re Zavala*, 366 B.R. 643, 654 (Bankr. W.D. Tex. 2007); *see* 11 U.S.C. §§ 1325(a)(6), 1329(b)(1) (referring to the modification of a confirmed plan). The Ferrells, however, have not presented any authority that the Agreed Order, entered on February 9, 2006, constituted a modified plan. In fact, the Agreed Order clearly demonstrates an agreement between the parties that, in addition to the Ferrells' monthly Plan payment of $515.90, established by the Agreed Order Approving Modified Plan entered on October 20, 2005, they were required to make three delinquency payments in the amount of $515.47. The Agreed Order simply provided the Ferrells an opportunity to cure their defaults while continuing to make their Plan payments, and, thus, the bankruptcy court was not required to make a determination regarding its feasibility.

Additionally, the Ferrells assert that the Agreed Order modified the terms of the Plan without giving the twenty-day negative notice required by Rule 3015(g) of the Federal Rules of

Bankruptcy Procedure. Rule 3015(g) requires "not less than 20 days notice by mail of the time fixed for filing objections" to a proposed modification. FED. R. BANKR. P. 3015(g); *see In re Meza*, 467 F.3d at 879. As stated above, the entry of the Agreed Order did not effect a modification of the confirmed Plan. Moreover, the Ferrells cite no procedural rule requiring twenty days' notice for filing objections to an agreed order.

Lastly, the Ferrells contend that the entry of the Agreed Order constituted an abuse of discretion because the "drop dead" clause conflicts with the debtors' absolute right to file a Plan modification. The clause states that "in the event the Debtors fail to make any of the payments referenced in Paragraphs 1 and 2 hereinabove, the Trustee will submit a Certificate of Non-Compliance and the Court will enter the Dismissal Order submitted therewith without further motion."

"[T]he bankruptcy court's inclusion of a 'drop dead' clause must be reviewed under the abuse of discretion standard." *Matter of Mendoza*, 111 F.3d 1264, 1270 (5th Cir. 1997). Due to "the equitable nature of bankruptcy in seeking a balance between debtors and creditors, bankruptcy courts should be afforded the latitude to fashion remedies they consider appropriate under the circumstances, including 'drop dead' orders, . . ." *Id.* Although the bankruptcy court issued the Agreed Order containing a "drop dead" clause, it was entered pursuant to an agreement between the parties. In fact, in keeping with the Agreed Order, the Ferrells made monthly payments to the Trustee for almost two years; it was not until December 2007 that the payments became erratic. Based upon a review of the Agreed Order, the court finds that the bankruptcy court did not abuse its discretion by including the "drop dead" clause because the clause reasonably required that, in order to cure their prior defaults, the Ferrells make three delinquency

payments in addition to their monthly Plan payments. Paragraph 2 of the Agreed Order states that "the Debtors shall remain current on the monthly plan payments until this case is completed." The Agreed Order by its terms does not prohibit the Ferrells from filing a motion to modify their Plan.

Furthermore, § 1329 of the Bankruptcy Code states "at any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified . . . ." 11 U.S.C. § 1329(a). The Ferrells, however, have not established that the Agreed Order constituted a modified plan or that they were deprived of the right to file a motion for modification. The Agreed Order governed all past payments that were owed through January 19, 2006, and the payments were set out as follows:

    a.    $515.47 delinquency payment due by February 3, 2006, and monthly plan payment of $515.90 due February 19, 2006;

    b.    $515.47 delinquency payment due by March 3, 2006, and monthly plan payment of $515.90 due March 19, 2006;

    c.    $515.48 delinquency payment due by April 3, 2006, and monthly plan payment of $515.90 due April 19, 2006.

As stated above, the Agreed Order merely provided the Ferrells an opportunity to cure their prior defaults while continuing to make their regular monthly Plan payments. Accordingly, the court finds that the bankruptcy court did not abuse its discretion in entering the Agreed Order. Points of Error C, D, and E are overruled.

    D.    <u>Duties of the Trustee</u>

In Point of Error F, the Ferrells contend that the Trustee failed to perform her statutory duties when she advised them that they could "either sign the Agreed Order or pay their entire deficiency in one lump sum prior to the dismissal hearing." In making their argument, they imply that Trustee committed a breach of her fiduciary duties because the Ferrells were without the

benefit of counsel at the time they entered into the Agreed Order. The Ferrells maintain that requiring debtors to commit all of their disposable income to the payment of unsecured creditors denies debtors their due process rights under the Constitution because they lack the ability to obtain counsel following the confirmation of their Plan. *See* 11 U.S.C. § 1325(b)(1)(B).

The United States Supreme Court has held that there is no Sixth Amendment right to counsel in civil cases.[3] *See Lassiter v. Dep't of Soc. Servs. of Durham County*, 452 U.S. 18, 24-28 (1981). "The right to counsel only exists in favor of an indigent whose physical liberty is at stake." *In re Eagle*, 373 B.R. 609, 612 (8th Cir. 2007) (citing *Lassiter*, 452 U.S. at 26-27). Consequently, an indigent debtor has no right to appointed counsel in a bankruptcy proceeding. *See Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989); *see also In re Villarreal*, 304 B.R. 882, 886 (8th Cir. 2004). Here, the Ferrells state that "the Trustee in this case didn't even advise the Debtors that *they* could attempt to obtain an attorney to file a modification for them." (emphasis in original). The Ferrells, however, fail to mention that they were represented by attorney Robert Tharp ("Tharp") on several occasions during the course of the bankruptcy proceeding, just not with regard to the Agreed Order. According to the record, Tharp filed numerous motions on their behalf, including an Amended Chapter 13 Plan filed on March 18, 2004, a Motion to Modify Plan After Confirmation filed on April 19, 2005, an Amended Motion to Modify Plan filed on May 5, 2005, an Amended Motion to Modify Plan filed on May 31, 2005, an Amended Motion to Modify Plan filed on September 19, 2005, and an Amended Schedule filed on October 13, 2005. While

---

[3] Moreover, "neither the Bankruptcy Code, Bankruptcy Rules, or Federal Rules of Civil Procedure authorize appointed counsel for individual debtors in bankruptcy matters." *National City Bank v. Flowers (In re Flowers)*, 83 B.R. 953, 954 (Bankr. N.D. Ohio 1998). The Ferrells provide no support for the assertion that they had a right to effective legal assistance in this case.

the Ferrells may regret their decision not to seek legal counsel regarding the possible ramifications of the Agreed Order, the court finds that their decision to forego representation provides no basis for relief.

The Ferrells further argue that without the ability to afford counsel, they must rely on the Trustee's performance of her statutory duties under § 1302(b)(4) as their sole source of assistance in completing their Chapter 13 Plan. As mentioned above, the Ferrells maintain that the Trustee violated her duties because she failed to advise them of the option to file a modification of their Plan under 11 U.S.C. § 1329. The Ferrells assert that "rather than pursuing the Agreed Order, Trustee could have filed a modification under 11 U.S.C. § 1329 to spread Debtors arrears over the remaining life of the plan rather than insisting that the Debtors pay double payments for three months when their changed financial situation has shown that they could not even afford a single payment at the time." Finally, in Point of Error G, the Ferrells argue that "presenting the proposed Agreed Order to Debtors and to the Court constituted clear error of law in that the Chapter 13 Trustee through the Agreed Order contractually abrogated her 11 U.S.C. § 1302(b)(4) duties to advise, other than on legal matters, and assist the debtor in performance under the plan." Specifically, they contend that "when the Trustee and Debtors entered the Agreed Order, the Trustee contractually terminated Trustee's § 1302(b)(4) duties and the Debtors were left with no effective assistance in completing their plan."

Under 11 U.S.C. § 1302, Congress has provided a Chapter 13 trustee with a broad range of powers and duties. *See Matter of Maddox*, 15 F.3d 1347, 1355 (5th Cir. 1994); *see also Barron*, 432 F.3d at 594. Section 1302(b)(4) provides that "the trustee shall advise, other than on legal matters, and assist the debtor in performance under the plan." 11 U.S.C. § 1302(b)(4).

13

Furthermore,

> [u]nder the Code, the chapter 13 trustee is directed, that is to say, required, rather than merely permitted, to assist the debtor in performance under the plan. The chapter 13 trustee may not become a mere disinterested bystander once the plan has been confirmed, but is to assist the debtor by advising of the means available to the debtor for facilitating performance under the plan, including advice concerning such matters as reductions and suspensions of payments, postpetition collection efforts by creditors against the debtor and codebtors, payment orders, postpetition credit problems and the assumption or rejection of executory contracts.

*Morgan v. Goldman (In re Morgan)*, 353 B.R. 599, 604 (Bankr. E.D. Ark. 2006) (quoting 8 COLLIER ON BANKRUPTCY ¶ 1302.03[1][j] (15th ed. 1993)).

Providing non-legal advice and assistance to the debtor, however, is not the trustee's only function. *In re Kelsey*, 6 B.R. 114, 116 (Bankr. S.D. Tex. 1980).

> Under section 323(a), which is made applicable to Chapter 13 by section 103(a), the trustee is also the representative of the estate. Section 1307(c) provides that the court may convert a Chapter 13 proceeding to a Chapter 7 proceeding or dismiss the Chapter 13 proceeding for cause upon a request by a party in interest when it is in the best interest of the creditors and the estate. Since the trustee is the representative of the estate, the reasonable inference is that the trustee should be able to request conversion or dismissal when it is in the best interest of the estate. This is because the trustee, who is charged with investigating the financial affairs of the debtor, is in the best position to know what is in the best interest of the estate.

*Id.*; *see also In re Anderson*, No. 05-19632-B-13, 2008 WL 821655, at *4 (Bankr. E.D. Cal. Mar. 27, 2008) (commenting that §§ 1302(b)(4) and (5) "direct the chapter 13 trustee to assist the debtor in performance under the plan and to ensure that the debtor does perform the plan in compliance with § 1326"). Therefore, "if a debtor fails to make timely payments under his plan, the trustee is authorized by statute to seek the dismissal or conversion of the Chapter 13 case and also has standing to request modification of the plan." *Jutila v. Rodgers (In re Jutila)*, 111 B.R. 621, 624 (Bankr. W.D. Mich. 1989) (citing 11 U.S.C. §§ 1307(c), 1329).

As Judge Rhoades correctly noted, the Ferrells offer no basis for their assertion that the Trustee was required to provide advice regarding the possible ramifications of the Agreed Order or that the Trustee "contractually abrogated" her duties through the Agreed Order. While § 1302(b) directs the Chapter 13 trustee to assist the debtor in performance under the plan, the Trustee is prohibited from advising the debtor on legal matters under 11 U.S.C. § 1302(b)(4). *See Barron*, 432 F.3d at 594. In sum, the court agrees with the bankruptcy court's determination:

> The Agreed Order had a simple purpose—it allowed the Debtors to continue with their required monthly payments while curing their then-existing defaults. Nothing in the Agreed Order altered the Chapter 13 trustee's obligations to Debtors or created any right the Debtors could seek to enforce against the Chapter 13 trustee.

The Agreed Order provided the Ferrells with the opportunity to remedy their defaults and continue with their bankruptcy proceeding. The Agreed Order explicitly provided that "in the event the Debtors fail to make any of the payments referenced in Paragraphs 1 and 2 hereinabove, the Trustee will submit a Certificate of Non-Compliance and the Court will enter the Dismissal Order submitted therewith without further motion." Hence, when the Ferrells again failed to make their Plan payments, the Trustee was authorized to seek the dismissal of the case. *See Barron*, 432 F.3d at 594 (noting that "[t]he trustee in Chapter 13 exists to preserve the bankruptcy estate for creditors"); *In re Anderson*, 2008 WL 821655, at *4 ("Implicit in § 1307(c)(6), the trustee also has a duty to monitor the debtor's performance under a plan and take appropriate action if there is a material default with respect to a term of a confirmed plan."). Additionally, the Ferrells previously filed motions to modify their Plan and, in fact, an Agreed Order Approving Modified Plan was entered on October 20, 2005. Thus, the Ferrells were aware of their ability to seek modification of their Plan without advice from the Trustee. Accordingly, Points of Error F and G are overruled.

III.     Conclusion

The United States Bankruptcy Judge did not commit reversible error in denying the Ferrells' Motion to Alter or Amend Dismissal Order Entered on May 21, 2008, Motion for Relief from the Egregious Effect of the Agreed Order Entered in this Case on February 9, 2006, Request for Attorney Fees and Sanctions Against the Chapter 13 Trustee, and Motion to Reinstate Debtor's Chapter 13 Case with Notice of Hearing. Accordingly, the decision and opinion of the United States Bankruptcy Court for the Eastern District of Texas, dismissing and declining to reinstate the Ferrells' Chapter 13 case are AFFIRMED.

SIGNED at Beaumont, Texas, this 6th day of January, 2009.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE